*E-Filed 11/7/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHRISTOPHER JAMES CASTILLO,      No. C 13-3850 RS (PR)

    Plaintiff,      **ORDER OF DISMISSAL**

    v.

METRO PUBLISHING,

    Defendant.

/

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. After having reviewed the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint without prejudice.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a right secured by the Constitution or laws of the United States was violated, and   (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that his former employer, Metro Publishing, wrongfully terminated him in 2003. This claim cannot proceed at this time for the following reasons. First, wrongful termination is a state tort claim, and therefore cannot be the basis of a federal civil rights action, and certainly not one under § 1983, which requires that the defendant be a state actor, and not a private employer. Second, if plaintiff seeks to bring an employment discrimination claim under federal law (Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e–16), he first must exhaust the administrative process at the United States Equal Employment Opportunity Commission, as set forth in 29 C.F.R. Part 1614. Plaintiff has made no allegation or shown that he has complied with this exhaustion requirement. Accordingly, this action is DISMISSED without prejudice to plaintiff filing a wrongful termination claim in state court, or filing a new federal action after he has exhausted his

administrative remedies.

Plaintiff's motion for the appointment of counsel (Docket No. 14) is DENIED. The Clerk shall terminate Docket No. 14.

**IT IS SO ORDERED**.

DATED:  November 7, 2013

_____
RICHARD SEEBORG
United States District Judge